XAVIER BECERRA
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General
S. MICHELE INAN
Deputy Attorney General
State Bar No. 119205
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5474
  Fax:  (415) 703-5480
  E-mail:  Michele.Inan@doj.ca.gov
*Attorneys for Defendants Justices of the California Supreme Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN J. FOSTER,**<br><br>                         Plaintiff,<br><br>v.<br><br>**STATE BAR OF CALIFORNIA, et al.,**<br><br>                         Defendants. | 4:17-cv-02122-JSW<br><br>**DEFENDANTS JUSTICES OF THE CALIFORNIA SUPREME COURT'S: (1) NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF; AND (2) NOTICE OF JOINDER IN MOTION TO DISMISS COMPLAINT OF DEFENDANTS STATE BAR OF CALIFORNIA AND JUDGES OF THE STATE BAR COURT**<br><br>Date:  July 21, 2017<br>Time:  9:00 a.m.<br>Dept:  Courtroom 5, 2nd Floor<br>Judge:  The Honorable Jeffrey S. White<br>Trial Date:  Not Set<br>Action Filed: April 17, 2017 |

**NOTICE OF MOTION TO DISMISS AND JOINDER**

PLEASE TAKE NOTICE THAT on Friday, July 21, 2017, at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5 of the above-entitled court located at 1301 Clay Street, Oakland, California, defendants current and former California Supreme Court Associate Justices Goodwin H. Lui, Carol A. Corrigan, Ming W. Chin, Kathryn M. Werdegar, Joyce L. Kennard and Marvin R. Baxter, and Chief Justice Tani G. Cantil-Sakauye, will move this Court for an order under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) and Civil Local Rule 7 dismissing the complaint with prejudice and entering judgment in their favor.

The complaint against the Justices should be dismissed for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) in that the claims are barred by the Eleventh Amendment to the United States Constitution, the claims are not ripe, the plaintiff lacks standing to bring the claims, and the claims as plead may require abstention.

PLEASE TAKE NOTICE THAT the Associate Justices and the Chief Justice join in the motion to dismiss the complaint filed by the defendants State Bar of California, Judges of the State Bar Court and David Pasternak seeking dismissal of the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in that State Bar of California's reciprocal discipline statute, California Business and Professions Code section 6049.1, provides constitutional due process and adequate opportunity to bring constitutional challenges before the State Bar Court.

This motion is based on this notice of motion and memorandum of points and authorities, on all pleadings in this action including the entire motion to dismiss of the defendants State Bar of California, Judges of the State Bar Court and David Pasternak, and on such further pleadings, evidence and argument as may be presented at the time of the hearing.

Dated: May 15, 2017

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General

/s/ S/ Michele Inan

S. MICHELE INAN
Deputy Attorney General
*Attorneys for Defendants Justices of the California Supreme Court*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiff attorney Steven J. Foster (Foster) brings a facial challenge to the constitutionality of the State Bar of California (State Bar) reciprocal discipline statute under 42 U.S.C. § 1983 for violation of due process protected by the Fourteenth Amendment to the United States Constitution. The reciprocal discipline statute, California Business and Professions Code section 6049.1(a) (Section 6049.1), allows the State Bar of California to initiate and prosecute attorney discipline proceedings against members of the California Bar based on a disciplinary sanction imposed against the California attorney by another jurisdiction. Foster seeks a declaration that the reciprocal discipline statute and related State Bar procedural rules are unconstitutional and an order enjoining their enforcement against him. He names as defendants the State Bar, Judges of the State Bar Court and Justices of the California Supreme Court, but he served the State Bar, David Pasternak, President of the State Bar Board of Trustees, many Judges of the State Bar Court and seven current and retired Justices of the California Supreme Court.

Foster cannot succeed on his facial due process challenge to the constitutionality of Section 6049.1 and the seven Justices of the California Supreme Court join in the motion filed by the State Bar, David Pasternak and the Judges of the State Bar Court contending that the reciprocal discipline statute provides adequate due process and opportunity to raise a constitutional challenge in State attorney disciplinary proceedings. The Justices of the California Supreme Court move separately to dismiss the complaint against them for lack of subject matter

jurisdiction and failure to state a claim on grounds that the action is barred by the Eleventh Amendment to the United States Constitution, not ripe, and Foster lacks standing. Alternatively, the Court should abstain under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

## II.   STATEMENT OF RELEVANT LAW

### A.   The Governing Statutory Scheme

The State Bar is a constitutional entity established by Article VI, section 9 of the California Constitution, and expressly acknowledged as a judicial branch agency and an integral part of the judicial function. *See* Cal. Const. art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re Rose*, 22 Cal. 4th 430, 438 (2000). It is an administrative arm of the California Supreme Court for the purpose of assisting in matters of admission and discipline of attorneys. *In re Att'y Discipline Sys.*, 19 Cal. 4th 582, 598-599 (1998); *Saleeby v. State Bar*, 39 Cal. 3d 547, 557 (1985). In assisting in matters of admission and discipline of attorneys, the State Bar's role has consistently been articulated as that of an assistant to or adjunct of the California Supreme Court's judicial function. *O'Brien v. Jones*, 23 Cal. 4th 40, 48 (2000); *In re Rose*, 22 Cal. 4th at 438, 446, n.8. Although the State Bar commences and adjudicates disciplinary proceedings under statutory authority, it is well-established that the California Supreme Court retains inherent power to control all matters related to attorney discipline. *In re Att'y Discipline Sys.*, 19 Cal. 4th at 598-599; *see Rosenthal v. Justices of the Supreme Court of Cal.*, 910 F.2d 561, 564-566 (9th Cir. 1990).

State Bar proceedings are commenced by the State Bar's Office of the Chief Trial Counsel, which issues a notice of disciplinary charges charging an attorney with professional misconduct. *See Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005). The State Bar Court independently conducts proceedings on the merits of attorney discipline. Cal. Bus. & Prof. Code §§ 6086.5, 6086.65. The State Bar Court includes a Hearing Department, which conducts formal trial hearings and a Review Department, which functions as an appellate body in independently reviewing determinations of the Hearing Department on a *de novo* basis. Cal. Rules Ct. 9.12; Cal. State Bar R.P. 300 et. seq.; Cal. Bus. & Prof. Code §§ 6079.1, 6086.65. State Bar Court decisions are only recommendations to the California Supreme Court, which undertakes an independent determination of the record as to whether the attorney should be disciplined as recommended. An

attorney may petition the California Supreme Court for review of a discipline recommendation of disbarment or suspension, or of any other order of the State Bar Court, within 60 days from the date of a certified copy of the decision complained of was filed with the Supreme Court.  Cal. Rules Ct. 9.13.  The California Supreme Court retains authority to grant review of any petition and to review any disciplinary recommendation.  *Id.* 9.16.

The State Bar's Office of Chief Trial Counsel can commence disciplinary proceedings based on disciplinary sanctions imposed by another jurisdiction.  Section 6049.1 authorizes such reciprocal discipline proceedings subject to rules of procedure adopted by the State Bar.  State Bar R.P. 350-354.  The proceedings are expedited and commence when a notice of disciplinary charges is filed in the State Bar Court.  *Id.* 5.350, 5.351. The notice of disciplinary charges may state that its only basis is the findings and final order of the other jurisdiction.  However, the notice must identify the foreign disciplinary proceeding and cite the California statutes or rules allegedly violated.  The notice must have attached a copy of the foreign jurisdiction's findings and final order and a copy of the statutes, rules, or court orders of the foreign jurisdiction found to have been violated by the member.  *Id.* 5.351.

The member must file a response to the notice within 20 days of service which addresses the following three issues: (1) degree of discipline to impose; (2) whether as a matter of law the member's culpability in the foreign jurisdiction would not warrant discipline in the State of California; and (3) whether the proceedings in the other jurisdiction lacked fundamental constitutional protections.  State Bar R.P. 5.351; Cal. Bus. & Prof. Code § 6049.1(b)(1-3).  Discovery is permitted.  *Id.* 5.352.  Reciprocal disciplinary proceedings are heard in the Hearing Department of the State Bar Court, and are reviewable in the Review Department of the State Bar Court, Cal. Rules Ct. 9.12; State Bar R.P. 5.151(A), and on petition for review in the California Supreme Court.  Cal. Rules Ct. 9.13.

    **B.**    **The Complaint's Factual Allegations And Claims**

        **1.**    **The Complaint's Factual Allegations**

Foster served a summons and the complaint on six Associate Justices of the California Supreme Court, Justices Goodwin H. Lui, Carol A. Corrigan, Ming W. Chin, Kathryn M.

Werdegar, Joyce L. Kennard and Marvin R. Baxter.  Plaintiff also served Chief Justice Tani G. Cantil-Sakauye.  All of the Associate Justices are current members of the California Supreme Court, except for Associate Justices Joyce L. Kennard and Marvin R. Baxter who are retired.  Each of the summons stated that the Justices were sued in their official capacities.

The complaint alleges that Foster is a member of the State Bar and the bar of the Supreme Court of the State of Colorado.  Complaint ¶ 7.  The complaint alleges that on March 15, 2017, a Presiding Disciplinary Judge on behalf of the Colorado Supreme Court entered a disciplinary order against Foster publicly censoring him for violating Colorado's Rules of Professional Conduct.  *Id.* ¶ 8.  The complaint alleges that in 2001, the same Presiding Disciplinary Judge on behalf of the Colorado Supreme Court had entered an order publicly censuring Foster for violating Colorado's rules of Professional Conduct.  *Id.* ¶ 9.

In response to the 2001 Colorado order, the complaint alleges that in September 2012, the State Bar through its Office of the Chief Trial counsel filed a Notice of Disciplinary Charges in the State Bar Court against Foster initiating reciprocal discipline procedures under Section 6049.1 and State Bar Rules 5.350 and 5.354.  *Id.* ¶¶ 10-11.  The complaint alleges that a Judge of the State Bar Court Hearing Department issued a decision and order imposing a sanction of public reproval after a trial under the reciprocal disciplinary statute and rules, and a Judge of the State Bar Court Review Department issued an order and opinion that affirmed the decision.  *Id.* ¶¶ 12-13.  The complaint alleges that in December 2014, the Chief Justice of the California Supreme Court Tani Cantil-Sakauye issued a one-sentence decision denying Foster's petition for review.  *Id.* ¶ 14.

Foster is not the subject of pending disciplinary charges.  The complaint acknowledges that there is no proceeding underway by the State Bar against Foster based on the most recent 2017 order of discipline of Colorado, but alleges that Foster is "imminently facing the threat [sic] another round of prosecution by the State Bar under the reciprocal discipline statute and rules" based on the recent order "which is certain to result in additional time and money sanctions being imposed".  *Id.* ¶¶ 15-18.

### 2. The Complaint's Legal Claims And Prayer

Foster sues under 42 U.S.C. § 1983 asserting that another State Bar proceeding against him under Section 6049.1's reciprocal discipline statute based on the most recent Colorado order would deny due process protected by the Fourteenth Amendment to the United States Constitution in several ways. Complaint ¶¶ 5, 18.

First, Foster contends that the reciprocal discipline statute fails to provide adequate notice of the charges brought by the State Bar, allows an improper use of offensive collateral estoppel, and deprives Foster "of the [proper] balancing of procedural due process [risk] factors." Complaint ¶¶ 19-32. Second, Foster contends that State Bar Court lacks jurisdiction to declare the reciprocal discipline statute unconstitutional, and lacks the expertise and experience to ensure there is proper development of a trial record of a constitutional challenge. *Id.* ¶ 33. Third, Foster contends that the California Supreme Court "will not provide [] an adequate forum for presentation of his due process constitutional challenges" that is evidenced by the Court's summary denial of every petition for review that has been filed since at least 2000. *Id.* ¶ 34; *see*, ¶¶ 35-36. Finally, Foster contends that the State Bar Court cannot declare the reciprocal discipline statute unconstitutional, and he has no right to have a constitutional challenge tried directly by the California Supreme Court. *Id.* ¶ 37.

Foster seeks an order prohibiting the State Bar from initiating charges. The complaint prays for declaratory and injunctive relief barring defendants from: (1) "initiating expedited reciprocal disciplinary proceedings" against Foster based on the reciprocal disciplinary statute and State Bar Rules; and (2) "initiating any proceedings" against Foster since State Bar proceedings do not adequately allow the right to raise a constitutional challenge. Complaint Prayer at 13.

### III. LEGAL STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The Article III case or controversy requirement limited federal courts' subject-matter jurisdiction by requiring . . . that plaintiffs have standing and that claims be 'ripe for adjudication.'" *Chandler v. State Farm Mut. Auto. Ins. Co.*,

598 F.3d 111, 1121 (9th Cir. 2010).  Lack of Article III standing requires dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1).  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

A motion to dismiss under Federal Rule 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted where the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Facial challenges to legislation are generally disfavored.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 223 (1990), *holding modified by City of Littleton, Colo. V. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004).  The only way for a plaintiff to succeed in a facial challenge is to establish that "no set of circumstances exists under which the Act would be valid," meaning "that the law is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008).

IV. **ARGUMENT**

   A. **Eleventh Amendment Immunity Bars the Claim Against the Justices**

The Justices are sued in their official capacity.  Eleventh Amendment immunity bars the claim against the Justices in their official capacity.

The Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign statute.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38.  This Eleventh Amendment immunity extends to suits against a state official acting in their official capacity for declaratory and injunctive relief.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 92, 101 (1984).  "The general rule is that a suit against the sovereign is barred if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act'." *Id.*  There is a narrow exception not applicable here allowing a suit against a state official in his official capacity for prospective declaratory or injunctive relief from ongoing state action which violates the federal constitution.  *Ex parte Young*, 209 U.S. 123, 159-160 (1908); *Cardenas v. Anzai*, 311 F.3d 929, 934-935 (9th Cir. 2002).

Here, Foster sues the Justices in their official capacity for declaratory and injunctive relief to prohibit the initiation of disciplinary proceedings against him. The State Bar's attorney disciplinary system, including through the reciprocal discipline statute, is the sole prerogative of the State Bar acting as administrative assistant to the California Supreme Court. A judgment against defendants would affect the public administration of the State's attorney discipline system and restrain the State from acting. The complaint does not allege sufficient facts showing an ongoing constitutional violation that would allow suit against the Justices in their official capacity under the *Ex parte Young* exception. To the contrary, the complaint acknowledges that there are no pending charges against Foster. Complaint ¶ 15. The complaint's allegation that disciplinary charges are imminent, *id.* ¶ 17, means no more than that they may possibly loom in the future. This is an allegation that could be made by anyone who has been disciplined in a foreign jurisdiction. The initiation of disciplinary charges is an inherently individualized and discretionary prosecutorial function. Neither an investigation of disciplinary charges nor a mere complaint to the State Bar should be sufficient to establish an ongoing state action.

The Eleventh Amendment immunizes the Justices in their official capacity.

**B.    The Claim Against the Justices Is Non-justiciable for Lack of Ripeness and Standing**

The claim against the Justices is non-justiciable for lack of ripeness and standing. "It is the inexorable command of the United States Constitution that the federal courts confine themselves to actual cases and controversies. *See* U.S. Const. art III, § 2, cl. 1." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005). Article III requires that an actual controversy exist at all phases of the litigation. *Protectmarriage.com-Yes on 8 v. Brown*, 752 F.3d 827, 834 (9th Cir. 2014); *Gator.com*, 398 F.3d at 1128. "A claim is not ripe for adjudication if it rests on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

Where allegations of injury are conjectural or hypothetical and not clean-cut and concrete, concepts of ripeness and standing overlap. *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010). A plaintiff lacks standing to bring a claim based on speculative future harm. To establish

standing, a plaintiff must allege that: (1) he suffered an injury in fact; (2) there is a causal connection between the injury and conduct complained of; and (3) it is likely that the injury can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Since *Lujan,* it is well-established that "[t]he evidence relevant to the standing inquiry consists of the facts as they existed at the time plaintiff filed the complaint." *D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031, 1036 (9th Cir. 2008); *Jacobs v. Clark County School Dist.*, 526 F.3d 419, 425 (9th Cir. 2008). In the context of a pre-enforcement challenge to a statute, a plaintiff must allege a credible threat of state action against him to establish standing. *Lopez v. Candaele,* 630 F.3d 775, 786-88 (9th Cir. 2010), *amended by* 2010 U.S. App. LEXIS 25822; *Lujan,* 504 U.S. at 561-62.

The complaint's allegations do not establish either a ripe claim or standing for Foster. Again the complaint concedes that that there are no pending charges, Complaint ¶ 15, and only speculates that charges are "imminent" based on the prior charge. *Id.* ¶ 17. The initiation of disciplinary charges is an inherently individualized and discretionary prosecutorial function. The mere possibility that charges may be brought in the future is by itself too speculative and hypothetical to establish a credible threat of prosecution, and a ripe claim or standing.

### C. The Court Should Abstain

If the Court determines that the Eleventh Amendment is not a bar to the claim against the Justices, or the claim is ripe and Foster has standing, the Court should alternatively abstain under the principles of *Younger*, 401 U.S. 37. The United States Supreme Court has ruled that *Younger* requires abstention where there is an ongoing state bar disciplinary proceeding that overlaps with a federal case. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982). The Ninth Circuit has repeatedly held that *Younger* abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other proceeding by the State Bar. *Canatella v. California*, 404 F.3d at 1110; *Hirsh v. Justices of the California Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995). A federal court must abstain where a state-initiated proceeding is ongoing, the proceeding implicates important state interests, the federal plaintiff is not barred

from litigating federal constitutional rights, and the federal action would enjoin the proceeding or have the practical effect of doing so. *Middlesex*, 457 U.S. at 432.

In *Canatella v. California*, 304 F.3d 843 (9th Cir. 2002), the Ninth Circuit held that there is no ongoing disciplinary proceeding to which *Younger* abstention would apply where the State Bar is only preliminarily investigating a disciplinary action, or there is a mere complaint to the State Bar. *Id.* at 851-852. Nevertheless, if the Court determines that the Justices may be sued in this Court based on the latest order of discipline of Colorado, or the claim is ripe and Foster has standing, the "ongoing proceeding" requirement for *Younger* abstention should be deemed satisfied. Either a disciplinary proceeding is pending and ongoing warranting abstention, or it is not pending and ongoing. The state proceeding would inarguably implicate important state interests and afford Foster an adequate opportunity to litigate his constitutional claims. *Hirsh*, 67 F.3d at 712-713; see *Canatella*, 404 F.3d at 1110-1111.

## CONCLUSION

For these reasons, the Justices of the California Supreme Court respectfully request that the Court grant their motion to dismiss.

Dated: May 15, 2017

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General

/s/ S. Michele Inan

S. MICHELE INAN
Deputy Attorney General
*Attorneys for Defendants Justices of the California Supreme Court*

SA2017106840

# CERTIFICATE OF SERVICE

Case Name: **Foster, Steven J. v. State Bar of California, et al.**   No. **4:17-cv-02122-JSW**

I hereby certify that on <u>May 16, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS JUSTICES OF THE CALIFORNIA SUPREME COURT'S: (1) NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF; AND (2) NOTICE OF JOINDER IN MOTION TO DISMISS COMPLAINT OF DEFENDANTS STATE BAR OF CALIFORNIA AND JUDGES OF THE STATE BAR COURT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>May 16, 2017</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Steven J. Foster
4546 B-10 El Camino Real, #413
Los Altos, CA 94022

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 16, 2017</u>, at San Francisco, California.

| N. Newlin | /s/ N. Newlin |
|---|---|
| Declarant | Signature |

SA2017106840
20980374.doc20980374.doc