STEVEN J. FOSTER (SBN 130975)
4546 B-10 El Camino Real #413
Los Altos, CA 94022
(303) 494-0932
Pro Se Plaintiff

FILED

AUG 0 7 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

Northern District of California

Steven J. Foster,

      Plaintiff,

  vs.

Judges of the California Supreme Court, each solely in their individual capacity as judges, Tani G. Cantil-Sakauye, Chief Justice, Joyce L. Kennard, Associate Justice, Marvin R. Baxter, Associate Justice, Kathryn M. Werdegar, Associate Justice, Ming W. Chin, Associate Justice, Carol A. Corrigan, Associate Justice, Goodwin Liu, Associate Justice; Judges of the State Bar Court, each solely in their capacity as judges, Catherine D. Purcell, Presiding Judge, San Francisco, Richard A. Honn, Review Judge, Los Angeles, W. Kearse McGill, Review Judge, Los Angeles, Ronald W. Stovitz, Pro Tem Review Judge, San Francisco, Donald F. Miles, Supervising Hearing Judge, Los Angeles, Lucy Armendariz, Hearing Judge, San Francisco, Patrice E. McElroy, Hearing Judge, San Francisco. Yvette D. Roland, Hearing Judge, Los Angeles, Cynthia Valenzuela, Hearing Judge, Los Angeles; and David Pasternak, in his official capacity as president of the State Bar of California,

      Defendants

Case No.
17-cv-02122-JSW

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CHALLENGING THE CONSTITUTIONALITY OF STATE BAR STATUTES AND RULES**

- 1 -

First Amended Complaint For Declaratory And Injunctive Relief Challenging The Constitutionality Of State Bar Statutes And Rules

Case No.  17-cv-02122-JSW

PLAINTIFF, Steven J. Foster, pursuant to the August 3, 2017 order of the Court, files this amended complaint and herein alleges and complains of the Defendants and each of them as as follows:

### PARTIES

1.    At all all times relevant herein, plaintiff Steven J. Foster, was and is a citizen and resident of the County of Santa Clara, State of California.

2.    At all times relevant herein, Defendants Judges of the California Supreme Court ("CA Supreme Court"), each solely in their individual capacity as judges, (i.e. Tani G. Cantil-Sakauye, Chief Justice, Joyce L. Kennard, Associate Justice, Marvin R. Baxter, Associate Justice, Kathryn M. Werdegar, Associate Justice, Ming W. Chin, Associate Justice, Carol A. Corrigan, Associate Justice, Goodwin Liu, Associate Justice) issued the rulings of the CA Supreme Court, the superior appellate judicial branch of the government of the State of California to Article VI of the California Constitution.

3.    At all times relevant here in, Defendants Judges of the State Bar Court, each solely  in their capacity as judges, (i.e. Catherine D. Purcell, Presiding Judge, San Francisco, Richard A. Honn, Review Judge, Los Angeles, W. Kearse McGill, Review Judge, Los Angeles, Ronald W. Stovitz, Pro Tem Review Judge, San Francisco, Donald F. Miles, Supervising Hearing Judge, Los Angeles, Lucy Armendariz, Hearing Judge, San Francisco, Patrice E. McElroy,  Hearing Judge, San Francisco. Yvette D. Roland, Hearing Judge, Los Angeles, Cynthia Valenzuela, Hearing Judge, Los Angeles) issued the advisory recommendations of the California State Bar Court, a public corporation created as an administrative arm of the CA Supreme Court for the purpose of assisting in matters of admission and

First Amended Complaint For Declaratory And Injunctive Relief Challenging The        Case No.  17-cv-02122-JSW
Constitutionality Of State Bar Statutes And Rules

discipline of attorneys, and was and is an administrative agency affiliated with the California State Bar Association ("State Bar").

4.     At all times relevant herein, David Pasternak, in his official capacity as president of the State Bar of California, operated the State Bar as an organization created under California law to regulate California's legal profession.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343(a)(3), over this 42 U.S.C. § 1983 Fourteenth Amendment of the U.S. Constitution due process challenge to State Bar statutes and rules.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that Defendant CA Supreme Court has its principal place of official business in the City and County of San Francisco, State of California.

## GENERAL ALLEGATIONS

7.     Plaintiff is a member of both the State Bar of California and the bar of the Supreme Court of the State of Colorado.

8.     On March 15, 2017, William R. Lucero, the Presiding Disciplinary Judge, on behalf of the Colorado Supreme Court, entered a disciplinary order publicly censuring Plaintiff for violating Colorado Rules of Professional Conduct Rule 1.8(a).

9.     On December 6, 2011, William R. Lucero, the Presiding Disciplinary Judge, on behalf of the Colorado Supreme Court, entered a disciplinary order publicly censuring Plaintiff for violating Colorado Rules of Professional Conduct Rules 3.1 and 8.4(d).

- 3 -

10.   In response to the December 6, 2011 order of discipline from the Colorado Supreme Court, on September 4, 2012, the State Bar of California, through it's Office of The Chief Trial Counsel filed in the State Bar Court a Notice of Disciplinary Charges (the "NDC") against Plaintiff designated as 10-J-03762.

11.   The NDC initiated a proceeding under California Business and Professions Code §6049.1 (hereinafter §6049.1) and the Rules of Procedure of the State Bar rules 5.350 to 5.354.  That statute and  those rules are commonly referred to as the procedural rules for administering reciprocal discipline.

12.   On June 27, 2013, after a trial under the reciprocal discipline rules, Judge Patrice McElroy of the State Bar Court Hearing Department signed a Decision and Order recommending the imposition of a sanction of public reproval on Plaintiff. The public reproval sanction included one year of probation, which required from Plaintiff  quarterly submissions to the Office of Probation, payment for, attendance, and passing the examination at the State Bar Ethics School, payment for, sitting, and passing the Multi-State Professional Responsibility Examination, and payment of $6,656.00 of costs associated with the Hearing Department proceeding.

13.   On September 5, 2014, Judge Judith A. Epstein of the State Bar Court Review Department signed an Order and Opinion affirming the June 27, 2013 Decision and Order of the Hearing Department.

14.   On December 17, 2014, the stamp of Chief Justice Tani Cantil-Sakauye of the CA Supreme Court was placed on a one sentence document that was filed in case S222423 captioned "In the Matter of Stephen[sic] James Foster" wherein such one sentence was "The petition for review is denied."

- 4 -

First Amended Complaint For Declaratory And Injunctive Relief Challenging The Constitutionality Of State Bar Statutes And Rules

Case No.  17-cv-02122-JSW

15.     At the time of filing the initial complaint, no administrative or regulatory proceeding was underway against Plaintiff based on the March 15, 2015 order of discipline from Colorado.

16.     The December 6, 2011 disciplinary order from Colorado was written following a remand to the Colorado Presiding Disciplinary Judge by the Colorado Supreme Court on May 23, 2011.  The Colorado Supreme Court held that the conduct of Plaintiff which supported a disciplinary violation under Colo. RPC 3.1 and 8.4(d) was that Plaintiff "reasserted" in Plaintiff's sixth appeal a claim of that the trial court judge was biased.  The purpose of the remand was for a redetermination of appropriate sanctions for Plaintiff's conduct (i.e. the reassertion of a bias argument) that gave rise to the single ethical violation.  Using the reciprocal discipline procedures in the State Bar Court, Defendants caused Plaintiff to be found to have violated California disciplinary rules.  Plaintiff was thereby sanctioned.  Plaintiff suffered an injury to his reputation by being sanctioned in California through the use by Defendants of statutes, rules, and procedures in the California disciplinary process that violated Plaintiff's right to due process under the Fourteenth Amendment.

17.     The California disciplinary sanction injured Plaintiff by causing Plaintiff to incur monetary costs for the State Bar Ethics School, the Multi-State Professional Responsibility Examination, and for payment of $6,656.00 of costs associated with the Hearing Department proceeding.   Such monetary costs were imposed on Plaintiff through the use by Defendants of statutes, rules, and procedures in the California disciplinary process that violated Plaintiff's right to due process under the Fourteenth Amendment.

- 5 -

18.     The California disciplinary sanction injured Plaintiff by causing Plaintiff to expend time complying with quarterly submissions to the Office of Probation, attendance at the State Bar Ethics School, and studying and sitting for the Multi-State Professional Responsibility Examination.  Such loss of time was imposed on Plaintiff through the use by Defendants of statutes, rules, and procedures in the California disciplinary process that violated Plaintiff's right to due process under the Fourteenth Amendment.

19.     Defendant David Pasternak, in his official capacity as president of the State Bar of California, injured Plaintiff's reputation and caused Plaintiff to unnecessarily expend money and time by filing and prosecuting disciplinary charges against Plaintiff in the State Bar Court when such charges were founded upon use of statutes, rules, and procedures in the California disciplinary process that violated Plaintiff's right to due process under the Fourteenth Amendment.

20.     Defendants Judges of the State Bar Court, each solely  in their capacity as judges, (i.e. Catherine D. Purcell, Presiding Judge, San Francisco, Richard A. Honn, Review Judge, Los Angeles, W. Kearse McGill, Review Judge, Los Angeles, Ronald W. Stovitz, Pro Tem Review Judge, San Francisco, Donald F. Miles, Supervising Hearing Judge, Los Angeles, Lucy Armendariz, Hearing Judge, San Francisco, Patrice E. McElroy,  Hearing Judge, San Francisco. Yvette D. Roland, Hearing Judge, Los Angeles, Cynthia Valenzuela, Hearing Judge, Los Angeles) injured Plaintiff's reputation and caused Plaintiff to unnecessarily expend money and time by preparing advisory recommendations finding Plaintiff culpable of misconduct in California and imposing disciplinary sanctions upon Plaintiff when such advisory recommendations were based on the use of statutes, rules, and

procedures in the California disciplinary process that violated Plaintiff's right to due process under the Fourteenth Amendment.

21.     Defendants Judges of the CA Supreme Court, each solely in their individual capacity as judges, (i.e. Tani G. Cantil-Sakauye, Chief Justice, Joyce L. Kennard, Associate Justice, Marvin R. Baxter, Associate Justice, Kathryn M. Werdegar, Associate Justice, Ming W. Chin, Associate Justice, Carol A. Corrigan, Associate Justice, Goodwin Liu, Associate Justice) injured Plaintiff's reputation and caused Plaintiff to unnecessarily expend money and time by denying Plaintiff's petition for review of the advisory recommendations of the State Bar Court and thereby implicitly adopting recommendations that resulted in Plaintiff being found culpable of misconduct in California and imposing disciplinary sanctions upon Plaintiff. Such findings of misconduct and resulting disciplinary sanctions were arrived at through the use of statutes, rules, and procedures in the California disciplinary process that violated Plaintiff's right to due process under the Fourteenth Amendment.

22.     Plaintiff is presently exposed to additional injury by the reciprocal disciplinary statutes and California disciplinary process. Pursuant to §6049.1(a), the March 15, 2015 order of discipline from Colorado is deemed "...conclusive evidence that the member [Plaintiff] is culpable of professional misconduct in this state [California]...".  Since the prior disciplinary action in 2013 against Plaintiff by the State Bar was based on an order of public censure from Colorado, and the current order of discipline from Colorado is also an order of public censure from Colorado.

First Amended Complaint For Declaratory And Injunctive Relief Challenging The
Constitutionality Of State Bar Statutes And Rules                    Case No.  17-cv-02122-JSW

23.    Plaintiff is imminently facing the threat of another round of prosecution by the Defendants which is certain to result in additional loss of time, money, and reputation.  Defendants have a duty to enforce attorney disciplinary rules in order to protect the public, the legal profession, and the courts.  Each time it is presented with an order of discipline from another authority that regulates attorney conduct, Defendants utilize an established administrative practice of bringing disciplinary charges using the reciprocal discipline procedures to prosecute the attorney in the State Bar Court for a violation of California's disciplinary rules.

## CLAIMS FOR RELIEF

### I. §6049.1 AND THE RELATED RULES OF PROCEDURE FAIL TO MEET MINIMUM DUE PROCESS REQUIREMENTS

24.    The disciplinary charges asserted against Plaintiff by the State Bar through it's Office of the Chief Trial Counsel ("OCTC") were prosecuted under the expedited proceedings permitted under §6049.1 and Rules 5.350 to 5.354.   Since the order of discipline from Colorado in 2001 was a public censure and the order of discipline from Colorado in 2017 is also a public censure, and since §6049.1 creates a "conclusive presumption" of an ethical violation in California, there is an imminent threat that Plaintiff will again be subject to a reciprocal discipline proceeding.   A proceeding under that structure does not provide Plaintiff the due process required by the Fourteenth Amendment to the U.S. Constitution.

### A. §6049.1 Fails To Provide Constitutionally Required Notice

25.    Plaintiff's fair trial rights will be impaired because he will not receive the notice of charges he would would have received in an original proceeding.  Rule 5.41, the notice rule for original proceedings provides, among other requirements,

- 8 -

that the NDC "contain a statement of facts comprising the violations in sufficient detail to permit the preparation of a defense." There is no similar "statement of facts" pleading requirement in a reciprocal discipline proceeding conducted under §6049.1 or under Rule 5.35. In an original proceeding, State Bar is required to set forth in its NDC the statute that has been violated and the manner in which the specific conduct of the attorney violated the statute. Failure to do so is to fail to provide sufficient notice with the result that the charge is dismissed with prejudice. No such requirements of specificity exist under §6049.1.

26.     All the notice that Plaintiff is likely to receive is required under the §6049.1 is an identification by State Bar of what it considers to be "a final order made by any court of record." That final order then becomes "conclusive evidence" that the member is culpable of professional misconduct in California, subject to two exceptions.

27.     Plaintiff will not be able to fully defend himself under the reciprocal discipline procedures. Under such procedures, Plaintiff's defenses are limited to (1) whether the member's culpability determined in the proceeding in the other jurisdiction would not warrant the imposition of discipline in California, or (2) whether the proceedings of the other jurisdiction lacked fundamental constitutional protection.

28.     Plaintiff also bears an unreasonable risk of being found culpable in a reciprocal discipline proceeding, since §6049.1 requires that Plaintiff "shall bear the burden" of establishing that the "issues" comprising the two exceptions do not warrant the imposition of discipline in California.

29.   Plaintiff will not receive a fair trial under §6049.1, since the "two issue" limitation of §6049.1 does not include the "issue" of challenging what State Bar alleges is the basis for reciprocal discipline in the first place, i.e. challenging what is or is not the "final order."  There is no definition of what constitutes a "final order."  Is it the last order dated by the other jurisdiction, or is it the order containing the culpability determination?  There are no statutory requirements stating what amount, if any, and with what detail, if any, the final order of the other jurisdiction must recite its factual findings and conclusions of law.  Arguably, a "final order" could be as abbreviated as "Having considered the evidence and arguments of the State Bar, we find respondent violated Rule 3.1 and order that he be publicly censured effective as of the date of this order."

30.   Plaintiff will be unable to frame a defense under §6049.1 since its language is too vague to permit the construction of a defense.  A "culpability determination" (the phrase used in §6049.1(b)(2)) typically results from applying a legal standard to prior factual findings that are supported by substantial evidence, bearing in mind that factual findings are not evidence but merely constitute the substance of the conclusions made by the judge from the evidence.  A culpability determination is not actual conduct.  Plaintiff risks being disciplined for something other than his actual conduct since the "culpability determination" rather than the actual conduct is the §6049.1(b)(2) defense"issue."

31.   Plaintiff will be unable to frame a defense based on the Colorado proceeding "lack[ing] fundamental constitutional protection."  That phrase is incapable of definition.  For instance, must a due process argument first be raised in the foreign

proceeding to satisfy this test?  If the due process argument was raised but not addressed by the foreign court, is the "lacked" test met?

32.    The due process violations of §6049.1 are not cured by the fact that "[t]he board may provide by rule for procedures for the conduct of an expedited disciplinary proceeding against a member of the State Bar."  Such rules are found at Rule 5.351 and, with respect to notice, only require the NDC to "...give sufficient detail to permit identification of the foreign disciplinary proceeding".. and attach "..a certified copy of the foreign jurisdiction's findings and final order."

**B. §6049.1 Is An Impermissible State Use Of Offensive Collateral Estoppel**

33.    Plaintiff will not receive due process under a §6049.1 proceedings, since the State Bar will use the final order of the Colorado court as "conclusive evidence" against Plaintiff and then, based on that conclusive presumption, prohibit the Plaintiff from receiving a full hearing.

34.    As written, §6049.1 is essentially a codification of offensive collateral estoppel asserted by a nonparty.  Plaintiff will be unfairly subjected to nonparty offensive collateral estoppel when the State Bar, who was not a party to a Colorado proceeding, brings charges against Plaintiff asserting that Plaintiff lost on the identical issue now being charged in California, and further asserting that Plaintiff is precluded from relitigating in the State Bar Court the prior adverse determination of the Colorado court.

35.    Plaintiff will lose the due process protection of having the burden placed on the State Bar to show that the factual and legal determinations sought to be used in the California proceeding were actually litigated and necessary to the judgment of

First Amended Complaint For Declaratory And Injunctive Relief Challenging The    Case No.  17-cv-02122-JSW
Constitutionality Of State Bar Statutes And Rules

the Colorado proceeding.  In §6049.1 proceedings, no such burden is imposed on State Bar.  Rather, the §6049.1 deems the findings of the Colorado's disciplinary proceeding as presumptively correct.

36.    Plaintiff will lose the due process protection of having the State Bar establish that its offensive use of collateral estoppel is not "unfair" to the Plaintiff. Reciprocal discipline proceedings do not require any demonstration of due process fairness to Plaintiff, much less the correctness of the Colorado decision, prior to assertion of the Colorado court's findings.

### C.  §6049.1 Unconstitutionally Deprives Plaintiff Of The Balancing of Procedural Due Process Factors

37.    Plaintiff will lose the due process protection of placing the burden on the State Bar establish that its offensive use of collateral estoppel is not "unfair" to the Plaintiff.  Reciprocal discipline proceedings do not require any demonstration of due process fairness to Plaintiff, much less the correctness of the Colorado decision, prior to assertion of the Colorado court's findings.  The State Bar is not required to balance Plaintiff's private interest in practicing law against the State Bar's interest in an expedited proceeding.  The expedited proceeding, by limiting Plaintiff's right to a full defense, impermissibly heightens the risk that there will be an erroneous deprivation of Plaintiff's interest in practicing law.

## II. THE CALIFORNIA DISCIPLINARY SYSTEM DOES NOT ADEQUATELY PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS

38.    Plaintiff's rights under the U.S. Constitution, when injured through the California attorney disciplinary system, are not capable of being protected by a petition for certiorari to the U.S. Supreme Court.

- 12 -

a.      Plaintiff does not have the right in the California disciplinary system to develop an adequate record for review by the U.S. Supreme Court.

(1)      The agency named the "State Bar Court" is a non-judicial administrative arm of the CA Supreme Court.   To distinguish the "State Bar Court" from a court where judges have judicial power, such as a federal District Court, the State Bar Court will be referred to here as the Disciplinary Panel.   The Disciplinary Panel consists of two departments.   The two departments are commonly referred to as the Hearing Department and the Review Department, respectively.

(2)      The individuals who sit on the Disciplinary Panel, commonly referred to as "judges" of the State Bar Court, are non-judicial officers that are appointed periodically by the CA Supreme Court.  To distinguish a "judge of the State Bar Court" from a judge with judicial power granted by the California constitution, a State Bar Court judge will be referred to here as a Panel Member.

(3)      Panel Members cannot issue orders beyond administrative orders relating to the proceedings before them.

(4)      Panel Members cannot issue an order of discipline that is enforceable upon the accused attorney.

(5)      Panel Members can only provide advisory recommendations to the CA Supreme Court.

(6)      All enforceable disciplinary orders are orders of the CA Supreme Court.

- 13 -

(7)     Panel Members determine the record created by the Disciplinary Panel by controlling, among other things, the scope of the trial, what evidence is admissible, determinations related to the credibility of witnesses, and all aspects of what Plaintiff can do to advance his arguments and to document the proceedings.

(8)     Panel Members are barred from ruling on Plaintiff's constitutional claims.

(9)     Panel Members are unfamiliar with the cases interpreting the U.S. Constitution.

(10)     Panel Members are unqualified to rule on constitutional claims, since such claims involve legal issues are outside the scope of their training and experience.

(11)     Plaintiff's only right before the CA Supreme Court is to petition for a review of the advisory recommendation of the Disciplinary Panel.

(12)     If Plaintiff's petition for review is denied by the CA Supreme Court, just those portions of the advisory recommendation concerning culpability and the appropriate level of discipline become the judicial decision of the CA Supreme Court.

(13)     Plaintiff does not have the right to have his constitutional claims preserved in the record that becomes the judicial decision of the CA Supreme Court.

(14)     No record for review by the U.S. Supreme Court exists after the CA Supreme Court denies a petition for review.  The denial

- 14 -

by the CA Supreme Court is based solely on its "independent examination" of the Disciplinary Panel proceedings and advisory recommendation, which examination is done in secret.

(15)     When a petition for review is denied, Plaintiff cannot argue in his petition for certiorari to the U.S. Supreme Court that the judicial determination of the CA Supreme Court was not supported by the record.

b.     Plaintiff does not have the right in the California disciplinary system to obtain a statement of the legal reasoning supporting the judicial decision of the CA Supreme Court.

(1)     The advisory recommendation of the Disciplinary Panel is not a legal opinion whose reasoning can be challenged by Plaintiff.

(2)     When a petition for review is denied, there is no written opinion by the CA Supreme Court for later review by the U.S. Supreme Court.

(3)     No reasons are given for denial of a petition for review.

(4)     Denial of a petition for review of a decision of the Disciplinary Panel is a final judicial determination on the merits.

(5)     Denial of a petition for review is accomplished by the stamp of Chief Justice of the CA Supreme Court being placed on a one sentence document that states "The petition for review is denied."

(6)     Only those portions of the advisory recommendation of the Disciplinary Panel concerning culpability (i.e whether a disciplinary rule was or was not violated) and the appropriate level of discipline

- 15 -

(i.e. public reproval, suspension, disbarrment, etc.) become the judicial decision of the CA Supreme Court.

(7)     The legal reasoning of the Disciplinary Panel advisory recommendation does not become the legal reasoning of the CA Supreme Court.

(8)     Plaintiff's arguments and evidence related to protecting his constitutional rights are not part of the judicial decision of the CA Supreme Court.

c.     Plaintiff cannot obtain federal question jurisdiction over his constitutional claims raised in the California disciplinary system.

(1)     For jurisdiction to exist in the U.S. Supreme Court, there must be either diversity jurisdiction (which there can never be since the parties are both in California) or federal question jurisdiction.

(2)     When a petition for review is denied, there is no written opinion by the CA Supreme Court for later review by the U.S. Supreme Court.

(3)     Federal question jurisdiction is precluded because the CA Supreme Court's act of denial of a petition for review that results in a finding of culpability and the imposition of discipline can be made by looking solely to California law.

(4)     Where imposition of discipline is based solely or in part on California law, federal question jurisdiction does not exist, even if constitutional claims were raised in the proceedings.

(5)     Federal questions cannot be preserved by Plaintiff in his disciplinary proceeding, determined by the Panel Members, or be

- 16 -

First Amended Complaint For Declaratory And Injunctive Relief Challenging The          Case No.  17-cv-02122-JSW
Constitutionality Of State Bar Statutes And Rules

1    anything beyond dicta in the advisory recommendation passed on to
2    the CA Supreme Court.

3    39.   Plaintiff's constitutional rights, when injured through the California attorney
4    disciplinary system, are not capable of being protected by filing a civil suit in the
5    California courts of general jurisdiction.

6
7          (1)   The CA Supreme Court has retained for itself exclusive
8          authority over attorney discipline and requires that all disciplinary
9          procedures take place before the Disciplinary Panel.

10         (2)   The CA Supreme Court does not permit civil suits in the
11         California courts of general jurisdiction concerning attorney
12         discipline.

13         (3)   The CA Supreme Court does not permit original proceedings
14         before it concerning attorney discipline.

15
16         (4)   Plaintiff's inability to file a civil suit in California concerning
17         attorney discipline prevents Plaintiff from developing an adequate
18         record to support a petition for certiorari to the U.S. Supreme Court.

19         (5)   Plaintiff's inability to file a civil suit in California concerning
20         attorney discipline prevents Plaintiff from obtaining a statement of
21         legal reasoning adequate to support federal question jurisdiction
22         necessary for a petition for certiorari to the U.S. Supreme Court.

23   40.   Plaintiff's constitutional rights, when injured through the California attorney
24   disciplinary system, are not capable of being protected by the federal district
25   courts.  Once proceedings are underway in the California attorney disciplinary
26
27
28

First Amended Complaint For Declaratory And Injunctive Relief Challenging The        Case No.  17-cv-02122-JSW
Constitutionality Of State Bar Statutes And Rules

1  system, *Younger* abstention prevents the federal district court form acting to protect

2  Plaintiff's constitutional rights.

3  41.    The California attorney disciplinary process is uniformly biased in a manner

4  that results in the creation of a judicial determination supporting the imposition of

5  discipline, irrespective of whether constitutional rights were violated.  Attorneys

6  presenting a defense before the Disciplinary Panel were found culpable of a

7  disciplinary violation in over 98% of the recommendations made by the

8  Disciplinary Panel to the CA Supreme Court.  Of the 470 cases available on

9  Westlaw in June of 2017 from the Review Department after 1990, only 6 involved

10  situations where the attorney was not found culpable of an ethical violation.  The

11  CA Supreme Court has never held to the contrary, i.e. that the attorney disciplinary

12  process before the Disciplinary Panel is neutral or even-handed as it leads to an

13  eventual finding of culpability.

14  42.    The CA Supreme Court has an established administrative practice of

15  denying essentially all petitions for review of attorney disciplinary

16  recommendations of the Disciplinary Panel, irrespective of whether constitutional

17  rights were violated.  The CA Supreme Court has not granted a petition for review

18  from an underlying State Bar Court Decision since its grant to review the petition

19  filed by attorney Mason Harry Rose in October of 1997.  Based on filing records

20  provided to Plaintiff by the Court Operations Services department of the CA

21  Supreme Court in 2015, no petitions for review of State Bar Court proceedings

22  were filed in 2000 and 2001.  In 2002, one petition for review was filed and it was

23  denied.  In 2003, five petitions for review were filed and all were denied.  In 2004,

24  six petitions for review were filed and all were denied.  In 2005, no petitions for

- 18 -

1   review were filed.  In 2006, one petition for review was filed and it was denied.  In
2   2007, three petitions for review were filed and all were denied.  In 2008, seven
3   petitions for review were filed and all were denied.  In 2009, three petitions for
4   review were filed and all were denied.  In 2010, two petitions for review were filed
5   and all were denied.  In 2011, one petition for review was filed and it was denied.
6   In 2012, no petitions for review were filed.  In 2013, five petitions for review were
7   filed and all were denied.  In 2014, four petitions for review were filed and all were
8   denied.  In 2015, two petitions for review were filed and both were denied.
9
10  43.     The State Bar and the Disciplinary Panel have as their purposes the
11  enforcement of discipline as a means to protect the public, the legal profession, and
12  the courts.
13  44.     The State Bar and the Panel Members are instrumentalities of the CA
14  Supreme Court.
15
16  45.     The unified prosecutorial and judicial process within the California
17  disciplinary system denies Plaintiff access to federal court review of whether the
18  rights guaranteed to Plaintiff under the Fourteenth Amendment to the U.S.
19  Constitution are adequately safeguarded.

## PAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for:

1.     Declaratory or injunctive relief barring Defendants from initiating expedited
reciprocal disciplinary proceedings against Plaintiff based on §6049.1 and Rules of
Procedure of the State Bar, rules 5.350 to 5.354, since such statutes and rules result
in a judicial process that violates Plaintiff's rights to due process related to notice

First Amended Complaint For Declaratory And Injunctive Relief Challenging The         Case No.  17-cv-02122-JSW
Constitutionality Of State Bar Statutes And Rules

and a full and fair trail, all as protected under the Fourteenth Amendment to the U.S. Constitution.

2.     Declaratory or injunctive relief barring Defendants from initiating any proceedings against Plaintiff in the State Bar Court since the statutes and rules governing trials in the State Bar Court do not adequately protect Plaintiff's rights to raise constitutional challenges to such statutes and rules, where Plaintiff is granted such rights to challenge under the Fourteenth Amendment to the U.S. Constitution.

3.     Such other and further relief as justice requires.

Dated:  August 7, 2017

Steven J. Foster
Pro se Plaintiff

- 20 -

# CERTIFICATE OF SERVICE

Case Name: Foster, Steven J. v. State Bar of California, et al.

Case No. 17-cv-02122-JSW

I hereby certify that on this 7th day of August, 2017 I did personally serve a true and correct copy of the above and foregoing by placing the same in the U.S. Mail, postage prepaid, and addressed to:

ROBERT G. RETANA
Office of General Counsel
State Bar of California
180 Howard Street
San Francisco, CA 94105-1639
Attorney for Defendants State Bar of
California, Judges of the State Bar Court, and
David Pasternak

S. MICHELE INAN
Deputy Attorney General of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Attorney for Defendants Justices of the
California Supreme Court

I am 18 years of age or older and the plaintiff in the case.

Steven Foster