**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 17-cv-02122-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 36-37 |

Now before the Court for consideration are: (1) the motion to dismiss filed by Judges of the California State Bar Court (the "Bar Court Judges") and the President of the California Bar's Board of Trustees (collectively the "Bar Defendants")[1]; and (2) the motion to dismiss filed by the Justices of the Supreme Court of the State of California ("the Justices").[2] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court HEREBY GRANTS, IN PART, AND DENIES, IN PART, the motions to dismiss.

//

---

[1] Plaintiff named as Defendants Catherine D. Purcell, Presiding Judge, Richard A. Honn, Review Judge, W. Kearse McGill, Review Judge, Ronald W. Stovitz, Pro Tem Review Judge, Donald F. Miles, supervising Hearing Judge, Lucy Armendariz, Hearing Judge, Patrice E. McElroy, Hearing Judge, Yvette D. Roland, Hearing Judge, and Cynthia Valenzuela, Hearing Judge, and David Pasternak, former President of the California Bar's Board of Trustees. The Court granted Plaintiff's motion for leave to amend and substituted Michael Colantuono, the current President of the California Bar's Board of Trustees, in place of Mr. Pasternak. Each individual defendant is named in his or her official capacity.

[2] Plaintiff named as Defendants Chief Justice Tani G. Cantil-Sakauye and Associate Justices Joyce L. Kennard (Ret.), Marvin R. Baxter (Ret.), Kathryn M. Werdegar, Ming W. Chin, Carol A. Corrigan, and Goodwin H. Liu. Each Supreme Court Justice was named in his or her official capacity.

**BACKGROUND**

Plaintiff, Steven J. Foster, is a member of the California Bar and the bar of the Supreme Court of the State of Colorado (the "Colorado Bar"). (First Amended Complaint ("FAC"). ¶ 7.) Plaintiff alleges that, on March 17, 2017, he was publicly censured by the Colorado Bar for violating Colorado Rules of Professional Conduct Rule 1.8(a) (the "2017 Order"). (*Id.* ¶ 8.) Plaintiff also alleges that, on December 6, 2011, the Colorado Bar publicly censured him for violating Colorado Rules of Professional Conduct Rules 3.1 and 8.4(d) (the "2011 Order"). (*Id.* ¶ 9.)

Plaintiff alleges that on September 4, 2012, in response to the 2011 Order, the California Bar filed a notice of disciplinary charges and instituted proceedings against him pursuant to California Business and Professions Code section 6049.1 ("Section 6049.1") and California Bar Rules 5.350 through 5.354, which govern reciprocal discipline. (*Id.* ¶¶ 10-11.) On June 27, 2013, following a trial on the reciprocal disciplinary charges, Judge McElroy issued a Decision and Order that recommended the imposition of a sanction of public reprual, including one year of probation and quarterly submissions from Plaintiff to the California Bar's Office of Probation (the "2013 Decision"). Plaintiff was required to pay for costs associated with: the hearing; attending classes for the California Bar's ethics examinations and the Multi-State Professional Responsibility Examination; and taking those examinations. (*Id.* ¶¶ 12, 17.) Plaintiff alleges that Judge Judith A. Epstein signed an Order affirming Judge McElroy's decision.[3] (*Id.* ¶ 13.) According to Plaintiff, he sought review of the 2013 Decision with the California Supreme Court. Plaintiff alleges that Chief Justice Cantil-Sakauye signed a decision that stated: "The petition for review is denied." (*Id.* ¶ 14.)

Plaintiff alleges that at the time he filed his original complaint, the California Bar had not instituted reciprocal proceedings in response to the 2017 Order. (*Id.* ¶ 15.) Between the time Plaintiff filed his original complaint and the time he filed the FAC, the California Bar notified Plaintiff of its intent to initiate reciprocal disciplinary proceedings, although it has not yet done

---

[3] Judge Epstein is not named as a Defendant.

so.[4] Specifically, on August 1, 2017, the California Bar sent a letter to Plaintiff, which states that it "has determined that a Notice of Disciplinary charges … should be filed against you pursuant to" Section 6049.1. This letter references the 2017 Order. (Dkt. No. 25, Motion for Leave to File Motion for Reconsideration, Ex. A.)[5]

Plaintiff alleges that he "is presently exposed to additional injury by the reciprocal disciplinary statutes and California disciplinary process" and is facing an imminent "threat of another round of prosecution by the Defendants which is certain to result in additional loss of time, money, and reputation." (FAC ¶¶ 22-23.)

Plaintiff brings this action pursuant to 42 U.S.C. section 1983 and alleges that Section 6049.1 and the Bar Rules are unconstitutional because they violate the Due Process Clause of the Fourteenth Amendment. Plaintiff has drafted his FAC as if he is asserting an as applied challenge. However, in several briefs to the Court, he also suggests he is asserting a facial challenge to Section 6049.1 and the Bar Rules. The Court addresses both types of challenges in this Order, and it will address Plaintiff's specific allegations as necessary in the analysis.

## ANALYSIS

**A.  Applicable Legal Standards Governing the Motions to Dismiss.**

The Court evaluates a motion to dismiss for lack of subject matter jurisdiction and for lack of standing pursuant to Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where, as here, defendant makes a facial attack on jurisdiction, the factual allegations of the complaint are taken as true. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual

---

[4] Plaintiff filed suit on April 17, 2017. On August 3, 2017, the Court granted Defendants' motions to dismiss and found that Plaintiff's claims were not ripe and that he had not alleged facts sufficient to show an injury in fact. (Dkt. No. 24.) On August 7, 2017, Plaintiff filed a motion for leave to file a motion for reconsideration of that Order and filed the FAC. (Dkt. Nos. 25-26.) The Court denied the motion for leave to file a motion for reconsideration, because Plaintiff amended his complaint. The Court also stated that if the FAC did not moot the motion, the Court found no basis to revisit its earlier decision.

[5] The Court takes judicial notice of that document, which is on file in this case.

allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors*, 96 F.3d at 1207.

On a motion to dismiss under Rule 12(b)(6), the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Ripeness and Standing.**

    **1.     Legal Standards.**

Under Article III, a federal court only has jurisdiction to hear claims that present an actual "case or controversy." *Allen v. Wright*, 468 U.S. 737, 750 (1984). "Two components of the Article III case or controversy requirement are standing and ripeness." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009); *see also Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 654 (9th Cir. 2002) (federal court jurisdiction "is circumscribed by the 'case or controversy' requirement of Article III standing and by prudential considerations, such as ripeness"). If a

4

plaintiff fails to satisfy the constitutional requirements to establish standing, a court lacks jurisdiction to hear the case and must dismiss the complaint. *See Valley Forge Christian Col. v. Americans United for Separation of Church and State*, 454 U.S. 464, 475-76 (1982).

In order for Plaintiff to establish Article III standing, he must show he: "(1) suffered injury in fact, (2) that is fairly traceable to the challenged conduct of the [Defendants], (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Where, as here, a case is at the pleading stage," Plaintiff "must 'clearly … allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

While the Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement," the standing inquiry must be "especially rigorous when reaching the merits of the dispute would force [a court] to decide whether [a statute is] unconstitutional." *Raines v. Byrd*, 521 U.S. 811, 819-20 (1997). However, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008). The fact that a plaintiff may allege facts that, at the pleading stage, satisfy the requirements for Article III standing does not mean these same facts would be sufficient to state a claim. *See Doe v. Chao*, 540 U.S. 614, 624-25 (2004); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 712 n.5 (N.D. Cal. 2011) (quoting *Doe*, 540 U.S. at 624-25).

The "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). As a prudential matter, a claim is not ripe for judicial resolution "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotes and citation omitted). "The basic rationale of the ripeness doctrine is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Scott*, 306 F.3d at 662 (internal quotes and citation omitted). As with standing, "[t]he prudential considerations of ripeness are amplified where constitutional issues are concerned." *Id.* To determine when a claim

is ripe, courts consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

The issues of ripeness and standing can be "closely related." *Bova*, 564 F.3d at 1096. For example, "if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing. ... In this way, ripeness and standing are intertwined." *Bova*, 564 F.3d at 1096. Sorting out the difference between the two "is not an easy task. Indeed, because the focus of our ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 1999) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).

Whether evaluated as an issue of standing or ripeness, a plaintiff must demonstrate that he has suffered an "injury-in-fact," *i.e.*, that he faces "a realistic danger of sustaining a direct injury as a result of [a] statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). The direct injury requirement, however, does not have to be fully consummated in order to obtain preventative relief. *See, e.g., Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 143 (1974). Rather, it is sufficient for standing purposes that "the plaintiff intends to engage in 'a course of conduct arguably affected with a constitutional interest' and that there is a credible threat that the challenged provision will be invoked against the plaintiff." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154-55 (9th Cir. 2000) (quoting *Babbitt*, 442 U.S. at 298); *see also Canatella v. State of California*, 304 F.3d 843, 852-55 (9th Cir. 2002) (*"Canatella I"*).

**2.     The Facial Challenge.**

In *Canatella I*, the plaintiff challenged provisions of California's Business and Professions Code and a rule of professional conduct on, *inter alia*, First Amendment grounds and argued that "the vagueness and overbreadth of the statutes result[ed] in censorship of protected speech by all California attorneys who push the envelope of zealous advocacy." 304 F.3d at 854. In reaching its conclusion that the plaintiff had alleged more than a hypothetical or conjectural injury, the court reasoned the plaintiff "nowhere conceded that he will refrain from the type of expression

6

1    that he believes is constitutionally protected, is necessary to the performance of his duties as an
2    advocate, and is the basis upon which he may be disciplined under the challenged statutes in the
3    future. Nor has the State Bar conceded that it will not rely on the challenged provisions to bring
4    disciplinary proceedings against [the plaintiff] should he be sanctioned again." *Id.* at 853. The
5    court also noted that although it had relied on the plaintiff's disciplinary record, it was not
6    suggesting that "past 'prosecution' by itself gives rise to a present case or controversy." *Id*.

7    At the time Plaintiff filed his original complaint, the only facts he relied upon to show his
8    claims were ripe and that he had alleged injury in fact, were the facts relating to his past
9    disciplinary proceedings. For that reason, and because of the nature of the claims, the Court found
10   the facts were distinguishable from the facts in *Canatella I*. However, in the interim, the
11   California Bar issued a letter stating that it concluded it should file a notice of disciplinary
12   charges. Although it has not yet filed that notice, the Court concludes the letter demonstrates a
13   realistic threat that the California Bar will institute such proceedings. Therefore, to the extent
14   Plaintiff asserts a facial challenge to Section 6049.1 and the Bar Rules, Plaintiff's "fear of facing
15   future disciplinary proceedings" is not "'imaginative and wholly speculative.'" *Id.* at 855 (quoting
16   *Babbitt*, 442 U.S. at 289). The Court concludes Plaintiff has shown that a facial challenge to
17   Section 6049.1 and the Bar Rules is ripe and that he has alleged injury in fact to state such a claim.
18   Accordingly, the Court DENIES, IN PART, the Defendants' motions on this basis.

19   **3.    The As Applied Challenge.**

20   Plaintiff asks the Court to enjoin any disciplinary proceedings from being instituted against
21   him and has framed his allegations in a manner that suggests he also brings an as applied
22   challenge. In *Canatella I*, at least some of the provisions of the Business and Professions Code at
23   issue were substantive provisions that governed an attorney's conduct rather than rules governing
24   disciplinary proceedings. In addition, the plaintiff alleged he had been disciplined under those
25   statutes on prior occasions and alleged that application of the statutes "result in censorship of
26   protected speech by all California attorneys who push the envelope of zealous advocacy." 304
27   F.3d at 854.
28   When the Ninth Circuit concluded the plaintiff demonstrated he had standing, the court

7

1   noted that "we do not imply that the mere existence of the challenged provisions gives rise to an

2   injury sufficient for standing purposes. Instead, it is [the plaintiff's] history with the California

3   Bar, his continuing activities as a zealous advocate, and the nature of his challenge to the

4   provisions that lead us to conclude the requirements of standing are met in his complaint." 304

5   F.3d at 854 n.14.

6   In contrast to the plaintiff in *Canatella I*, Plaintiff alleges that Section 6049.1 violates his

7   due process rights. "The fundamental requirement of due process is the opportunity to be heard at

8   a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

9   A lawyer who is subject to discipline also is "entitled to procedural due process, including notice

10  and an opportunity to be heard." *Rosenthal v. Justices of the California Supreme Court*, 910 F.2d

11  561, 564 (9th Cir. 1990) (citing *In re Ruffalo*, 390 U.S. 544, 550 (1968)). Although Plaintiff

12  includes allegations about his past disciplinary proceedings, he does not include any facts from

13  which the Court could plausibly infer that he did not receive adequate notice of or an opportunity

14  to be heard in those proceedings. Thus, when the Court considers the nature of the provisions

15  involved, the nature of the claim at issue, as well as Plaintiff's past history with the California Bar,

16  the Court concludes that Plaintiff has not alleged facts to show an injury based on the manner in

17  which Section 6049.1 would be applied to him is anything more than conjectural or hypothetical.

18  Accordingly, whether the Court frames the issue as one of standing or ripeness, the Court

19  concludes Plaintiff has not alleged sufficient facts to show an as applied challenge is justiciable,

20  and it GRANTS, IN PART, Defendants' motions on that basis.[6]

21  **C.    *Younger* Abstention.**

22  The Justices argue that the Court should abstain from addressing Plaintiff's claims

23  pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court "espouse[d] a

24  strong federal policy against federal-court interference with pending state judicial proceedings."

25  *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir.2000) (internal quotations omitted); *see also Hirsh v.*

---

[6] The Court's ruling should not be construed as finding that a plaintiff could never assert a pre-enforcement, as applied challenge on due process grounds to Section 6049.1. It simply concludes *Plaintiff* has not demonstrated that he has a justiciable as applied due process claim.

*Justices of the Supreme Court of California*, 67 F.3d 708, 712 (9th Cir. 1995). In the absence of "extraordinary circumstances," a court should abstain under *Younger* when "the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh*, 67 F.3d at 712; *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

The Justices ask the Court to "deem" the ongoing state proceedings requirement satisfied. (Dkt. No. 37, Mot. at 12:15-18.) "[T]he *Middlesex* inquiry is triggered only when the threshold condition for *Younger* abstention is present – that is when the relief sought in federal court would in some manner directly interfere with ongoing state proceedings." *Canatella I*, 304 F.3d at 850 (internal quotations and citations omitted). In order to make that determination, the Court looks to California law. *Id.* Under the California Bar Rules of Procedure for reciprocal discipline, "[a] proceeding begins when a notice of disciplinary charges is filed and served on the member." Cal. Bar Rule Proc. 5.531(A). Thus, a "preliminary investigation before issuing a notice of disciplinary charges or a mere complaint to the bar does not commence a disciplinary action[.]" *Canatella I*, 304 F.3d at 851.

Although the Court concludes that the letter stating that the California Bar intends to file and serve a notice of disciplinary charges on Plaintiff is sufficient to demonstrate his facial challenge is ripe and that he alleges facts to show he has standing to pursue that claim, under *Canatella I* it is not sufficient to show that disciplinary proceedings have begun. The Justices have not shown the first requirement of *Younger* abstention is satisfied in this case.

Accordingly, the Court DENIES, IN PART, their motion to dismiss on this basis.

**D.   The Merits.**

Plaintiff contends that, on its face, Section 6049.1 does not provide due process to attorneys charged with reciprocal discipline. As set forth above, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (1976); *accord Rosenthal*, 910 F.2d at 564.

Section 6049.1 provides, in part:

9

> (a) In any disciplinary proceeding under this chapter, a certified copy of a final order made by any court of record or any body authorized by law or by rule of court to conduct disciplinary proceedings against attorneys, of the United States or of any state or territory of the United States or of the District of Columbia, determining that a member of the State Bar committed professional misconduct in such other jurisdiction shall be conclusive evidence that the member is culpable of professional misconduct in this state, subject only to the exceptions set forth in subdivision (b).
>
> (b) The board may provide by rule for procedures for the conduct of an expedited disciplinary proceeding against a member of the State Bar upon receipt by the State Bar of a certified copy of a final order determining that the member has been found culpable of professional misconduct in a proceeding in another jurisdiction conducted as specified in subdivision (a). The issues in the expedited proceeding shall be limited to the following:
>
> (1) The degree of discipline to impose.
>
> (2) Whether, as a matter of law, the member's culpability determined in the proceeding in the other jurisdiction would not warrant the imposition of discipline in the State Bar of California under the laws or rules binding upon members of the State Bar at the time the member committed misconduct in such other jurisdiction, as determined by the proceedings specified in subdivision (a).
>
> (3) Whether the proceedings of the other jurisdiction lacked fundamental constitutional protection.
>
> The member of the State Bar subject to the proceeding under this section shall bear the burden of establishing that the issues in paragraphs (2) and (3) do not warrant the imposition of discipline in this state.

Plaintiff alleges that Section 6049.1 and Bar Rule 5.351 are unconstitutional, because they do not provide the same level of notice that an attorney would receive in original disciplinary proceedings. Rule 5.351(B) states that a notice of disciplinary charges must: (1) "give sufficient detail to permit identification of the foreign disciplinary proceeding;" (2) "cite the California statutes or rules allegedly violated or that warrant the proposed action;" and (3) attach "a certified copy of the foreign jurisdiction's findings and final order; and a copy of the statutes, rules, or court orders of the foreign jurisdiction found to have been violated by the member." The Court concludes that Plaintiff has not plausibly alleged Section 6049.1 and Rule 5.351 fail to provide an attorney with adequate notice of the basis for the disciplinary charges.

10

1 Plaintiff also raises a host of arguments as to why Section 6049.1 and the Bar Rules do not
2 provide an adequate opportunity to be heard. Based on the briefs Plaintiff has filed in this case, it
3 has become clear that Plaintiff has two primary objections to Section 6049.1 and the Bar Rules.
4 First, Plaintiff takes issue with the provision of Section 6049.1 that permits orders from the foreign
5 jurisdiction to be considered "conclusive evidence that the member is culpable of professional
6 misconduct in" California.[7] Plaintiff alleges this violates due process, because it is an
7 "impermissible state use of offensive collateral estoppel." (FAC ¶¶ 22, 33-36). In reciprocal
8 discipline cases, "an attorney's misconduct has already been adjudicated by another court or
9 disciplinary agency. Thus, a court seeking to impose reciprocal discipline engages in a function
10 far different from a court seeking to impose discipline in the first instance." *In re Kramer*, 282
11 F.3d 721, 725 (9th Cir. 2002). Plaintiff provides the Court with no authority to suggest such a
12 provision would violate due process, although a number of states have similar provisions.[8]

13 Plaintiff also argues that Section 6049.1 and the Bar Rules do not adequately permit an
14 attorney to assert constitutional challenges to the proceedings and do not permit attorneys to
15 develop an adequate record of such constitutional challenges for review by the United States
16 Supreme Court. (FAC ¶¶ 38-45). The Court finds these allegations also are not sufficient to state
17 a claim. In *Hirsh*, the court found the third prong of the *Younger* test was satisfied, because
18 although the Bar Court cannot consider federal constitutional claims, "such claims may be raised
19 in judicial review of the Bar Court's decision," including review by the California Supreme Court.
20 *Hirsh*, 67 F.3d at 713; *cf.* Cal. Bus. & Prof. Code § 6085(e).

21 Plaintiff argues that "the *Hirsh* court erred." (Dkt. No. 47, Opp. Br. at 8:24.) For this
22 Court's purposes, *Hirsh* still is good law. In *Hirsh*, the court reasoned that "[r]efusing to abstain

---

[7] The record in this case shows the discipline imposed by the Colorado Bar was based on a stipulation and conditional admission of misconduct. (Motion for Leave to File Motion for Reconsideration, Ex. A.)

[8] *See, e.g.,* Ariz. Rev. Stat., Sup. Ct. Rules, Rules 57(b)(3), (5); Mass. S.J.C. Rule 4.01, §§ 16(3), 16(5); Mississippi State Bar Discipline Rule 13; Nev. Sup. Ct. R. 114(4)-(5); Wash. Rule for Enforcement of Lawyer Conduct 9.2(e)-(f).

11

would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court squarely rejected in" *Middlesex.* Here, Plaintiff asks the Court to make the presumption that the *Hirsh* court declined to do. Although the Court does not address this issue in the context of *Younger* abstention, it finds *Hirsh's* reasoning equally applicable to Plaintiff's claims challenging the constitutionality of Section 6049.1.  *Cf. Canatella v. California,* 404 F.3d 1106, 1111-12 (9th Cir. 2005) ("California's attorney disciplinary proceedings provide [an attorney] with an adequate opportunity to litigate his [or her] federal constitutional claims.").

Plaintiff also alleges that Section 6049.1 and the Bar Rules violate due process by placing the burden on an attorney to show why discipline is not warranted.  The Court does not find these allegations are sufficient to show the lack of a meaningful opportunity to be heard.  *Cf. In re Kramer*, 282 F.3d at 724-25 (finding that "in reciprocal discipline cases, it is the respondent attorney's burden to demonstrate, by clear and convincing evidence, that one of the *Selling* elements precludes reciprocal discipline").

The Court concludes that Plaintiff has not adequately alleged that Section 6049.1 and the related Bar Rules violate due process, and it GRANTS the motions to dismiss on this basis.[9]  The Court also concludes that it would be futile to grant another opportunity to amend these claims. Accordingly, the Court shall dismiss this case with prejudice.  The Court will issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: October 17, 2017

_____
JEFFREY S. WHITE
United States District Judge

---

[9] In light of this ruling, the Court does not reach the Defendants remaining arguments to support dismissal of Plaintiff's claims.